Dear Mr. Dickinson:
You ask substantially the following question:
 Is section 328.48(2)(d), Florida Statutes, which exempts non-motor-powered vessels from registration, contrary to Article VII, section 1(b), Florida Constitution?
According to your letter, the Department of Highway Safety and Motor Vehicles (department) has received a letter from the Executive Director of the Florida Fish and Wildlife Conservation Commission on this issue.[1] The department is responsible for issuing, handling, and recording all vessel registration and titling applications and certificates, including receiving and accounting for vessel registration and titling fees.[2]
Article VII, section 1(b), Florida Constitution, provides:
 "Motor vehicles, boats, airplanes, trailers, trailer coaches and mobile homes, as defined by law, shall be subject to a license tax for their operation in the amounts and for the purposes prescribed by law, but shall not be subject to ad valorem taxes."
Section 327.02(37), Florida Statutes, defines the term "vessel" for purposes of Chapters 327 and 328, Florida Statutes, and provides that the term "is synonymous with boat as referenced in s. 1(b), Art. VII of the State Constitution and includes every description of watercraft, barge, and air boat, other than a seaplane on the water, used or capable of being used as a means of transportation on water." Section 328.70(1), Florida Statutes, provides that "[I]t is declared to be the intent of the Legislature that all vessels in the state be subject to a uniform registration fee at a rate based on the length of the vessels." Section328.72, Florida Statutes, sets forth the registration certificate fees for vessels that are required to be registered. Section 328.48(2), Florida Statutes, however, provides:
 "All vessels used on the waters of the state must be registered, either commercial or recreational as defined in this chapter, except as follows:
 (a) A vessel used exclusively on private lakes and ponds.
(b) A vessel owned by the United States Government.
(c) A vessel used exclusively as a ship's lifeboat.
(d) A non-motor-powered vessel." (e.s.)
Thus, section 328.48(2), Florida Statutes, clearly exempts non-motor-powered vessels from the registration requirements.[3]
This office has no authority to either declare the statute unconstitutional or advise noncompliance with its direction or mandate. Rather it must presume the constitutionality of the statute until such time as it is declared invalid by a court of competent jurisdiction.[4]
Accordingly, this office must presume the constitutionality of section328.48(2), Florida Statutes, and advise that pursuant to section328.48(2)(d), non-motor-powered vessels are exempt from the registration requirements of Chapter 328, Florida Statutes.
Sincerely,
 Charlie Crist Attorney General
CC/tfl
[1] The commission had received a request from the Marine Industries Association of Florida, Inc., asking that the commission and the statutory agency responsible for boating ask the Attorney General for a legal opinion. See Letter from Mr. John H. Sprague, Governmental Affairs-Legislative Chair, Marine Industries Association of Florida, Inc., to Ken Hadad, Executive Director, Florida Fish and Wildlife Commission, dated June 2, 2005.
[2] See, e.g., s. 328.40, Fla. Stat.
[3] It should also be noted that the phrase "shall be subject to a license tax", as opposed to "shall be taxed", can plainly be read as conferring discretion upon the Legislature.
[4] Cf., Ops. Att'y Gen. Fla. 78-64 (1978) and 77-99 (1977); seegenerally State ex rel. Atlantic Coast Line R. Co. v. State Board ofEqualizers, 94 So. 681, 682 (Fla. 1922) ("every law found upon the statute books is presumptively constitutional until declared otherwise by the courts" and officers must obey it, until in a proper proceeding its constitutionality is judicially passed upon); White v. Crandon, 156 So. 303
(Fla. 1934) (ministerial or executive officer of the government has no authority or right to decline the performance of purely ministerial duties which are imposed upon him by statute solely on the ground that such officer believes that the statute violates or contravenes the constitution, because all statutes are presumed to be and must be treated and acted upon by ministerial officers as constitutional and legal until their unconstitutionality or illegality has been judicially established).